**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| JAMES L. McDANIEL AND DEBI L. McDANIEL | * * * | |
| Plaintiffs | * * | NO: 4:10CV00045   SWW |
| V. | * * | |
| INTERNAL REVENUE SERVICE | * * | |

**ORDER**

Plaintiffs James L. and Debi L. McDaniel, proceeding *pro se*, bring this tax dispute against the Internal Revenue Service ("IRS").  Before the Court is a motion to dismiss by the IRS (docket entries #11, #12) and Plaintiffs' response (docket entry #14), stating that Plaintiffs do not oppose dismissal of this action, provided that dismissal is without prejudice (docket entry #14). After careful consideration, and for reasons that follow,  the motion to dismiss will be granted on the ground that the Court lacks subject matter jurisdiction to entertain Plaintiffs' claims.

Plaintiffs allege that the IRS violated their due process rights by failing to give them an opportunity to challenge backup withholding and a federal tax lien for taxes assessed against Plaintiff Debi L. McDaniel.  By way of relief, Plaintiffs seek return of  "monies seized" and an injunction requiring the IRS to remove the aforementioned federal tax lien.

The IRS moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and Fed. R. Civ. P. 12(b)(1) for lack of subject matter

jurisdiction.  Plaintiffs respond that they do not oppose dismissal of this action, provided that dismissal is without prejudice.

The Court cannot proceed in this case unless it has subject matter jurisdiction.  *See Crawford v F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001)(noting that, although certain threshold issues may be taken up without a finding of subject-matter jurisdiction, "a court may not proceed at all in a case unless it has jurisdiction").  Accordingly, the Court must first consider the motion to dismiss for lack of subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  Where, as in this case,  a defendant makes a facial attack to jurisdiction, the Court limits its review to the face of the pleadings, similar to the review conducted under Rule 12(b)(6).  Accordingly, all factual allegations in the complaint are assumed to be true, the complaint is reviewed in the light most favorable to the plaintiffs.  See *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997).

Regarding Plaintiffs' claim for return of "monies seized," which is essentially a claim for a refund under 26 U.S.C. § 7422(a), Plaintiffs do not allege that they filed a claim for a refund prior to initiating this lawsuit.  Accordingly, the Court lacks subject matter jurisdiction to entertain Plaintiffs' claim for a refund.  *See Pagonis v. United States,* 575 F.3d 809, 812-13 (8th Cir. 2009); *see also Ahmed v. United States*, 147 F.3d 791, 795 (8th Cir. 1998).   Furthermore, the Internal Revenue Code's Anti-Injunction Act, 26 U.S.C. § 7421(a) precludes Plaintiffs' claim for injunctive relief, as Plaintiffs plead no facts establishing an exception to the Act.  *See Pagonis*,

575 F.3d 813-814.  Accordingly, this action must be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss for lack of subject matter jurisdiction (docket entry #11) is GRANTED.

Pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 6TH  DAY OF APRIL, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE